UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20613-CIV-GRAHAM/TORRES

CONSEJO DE DEFENSA DEL ESTADO
DE LA REPUBLICA DE CHILE,

    Plaintiff,

vs.

ESPIRITO SANTO BANK,

    Defendant.

_____/

**AMENDED ORDER**

    This matter is before the Court following the entry of an Order on July 5, 2010 [D.E. 210] that, among other matters, granted Plaintiff's Motion for Relief from Confidentiality Order [D.E. 174] with respect to the deposition transcripts of witnesses Tatman and Balestra. The Court's Order provided that the transcripts could be unsealed, may be filed on the Court docket as such, and shall not be entitled to confidential treatment under the Court's protective order. The Court's Order was based in part on the impression that the motion had not been opposed by Defendant. As it turns out, however, the Court overlooked a sealed response that Defendant timely filed in opposition to the motion. [D.E. 198, 199]. Though, ironically, it is the use of sealed filings from "confidential" discovery materials that presents the type of problems that caused this error, it is nevertheless an error. The motion was opposed and the

Court's review of the sealed response shows that there are several significant issues raised in opposition to the motion.

Accordingly, the Court's Order [D.E. 210] as it relates to this motion is hereby VACATED. An amended Order on the motion is set forth herein that Grants in Part and Denies in Part the Motion for Relief from Confidentiality Order [D.E. 174].

1.      Good cause is the essential requirement under Rule 26(c) for the entry of a protective order with respect to evidence or testimony obtained in discovery. Good cause must also be shown under the Court's Local Rules to allow for the filing of pleadings or materials in the Court file under seal. S.D. Fla. Local R. 5.4. A party seeking to maintain such materials sealed has the burden of making such a showing because "proceedings in the United States District Court are public and Court filings are matters of public record." *Id.* R. 5.4(A).

2.      It is thus well established that "a party seeking to shield its trade secrets or other confidential information must establish that the information sought to be protected is confidential and that the disclosure might be harmful. The burden then shifts to the party seeking disclosure to establish that discovery of the confidential information is relevant and necessary to the action." *Merrill-Stevens Yacht Sales, LLC v. Ft. Lurssen Werft, GmbH & Co. KG,* 2008 WL 2690798, at *2 (S.D. Fla. July 2, 2008).; *accord Empire of Carolina, Inc. v. Mackle,* 108 F.R.D. 323, 326 (S.D. Fla. 1985). Once a confidential designation is challenged, the opposing party must establish "good cause" under Rule 26 to maintain the material confidential. *See Chicago Tribune Co. v. Bridgesteon/Firestone, Inc.,* 263 F.3d 1304, 1313 (11th Cir. 2001).

2. The entry of a Confidentiality Order in this case, which Order was agreed upon by the parties in the case, does not alter these procedures or the burden on the proponent of the confidential designation to satisfy Rule 26(c) or Local Rule 5.4. To the contrary, the Order approved by the Court contemplates this very same procedure in the event of a dispute.

3. The present dispute focuses on the confidentiality of testimony elicited from witnesses employed or formerly employed by the Defendant Espirito Santo Bank in connection with client accounts belonging to Augusto Pinochet and others. Defendant maintains that the testimony is confidential and must be protected against improper disclosure by Plaintiff for reasons other than pursuit of this litigation. Specifically, Defendant cites earlier instances of misuse of discovery materials in earlier proceedings between the parties. Defendant fears that this pending motion represents an attempt to extort or bully the Defendant with disclosure to the media or third parties of deposition testimony from these witnesses.

4. Upon review of the sealed and unsealed record provided to the Court on this issue, however, the Court finds that Defendant has failed to demonstrate with any specificity how the testimony in question is so confidential or privileged to warrant continuing protection. To the contrary, the record shows that much of the testimony relates to matters that have long since been public record through various governmental investigations. Indeed, contrary to its burden under the Court's Rules, Defendant's opposition to the motion only conclusorily objects to the lifting of the confidential designation without providing much by way of specifics that show a

reasonable basis, i.e. good cause, to upset the Court's general policy of public access to the Court record.

5. Instead, the Defendant's complaints take a shotgun approach and challenge the merits of the entire litigation, as if that were enough to warrant a blanket order protecting any discovery in the action from being filed in the public record. It is not. No matter how weak the Plaintiff's legal claims may be, the Court's procedures continue to require a more specific showing of good cause to justify the type of broad protection that Defendant seeks.

6. Accordingly, the Court finds that Defendant has not met its burden of showing a continuing need for blanket protection over these deposition transcripts. The Court will thus grant the motion to the extent that any relevant portions may be filed in the public record in support of a motion or pleading, subject of course to the limitations for such filings found in Local Rule 26.1.

7. To balance the interests of the parties, however the Court will not allow the deposition transcripts, or the testimony reflected in those transcripts, to be misused for purposes other than the pursuit of the litigation. As Plaintiff maintains that its motivation for filing this motion is to allow a clearer and more efficient presentation of its arguments to the Court, Plaintiff will suffer no prejudice from an Order that continues to prohibit these transcripts from being disseminated to any third parties, either here or in Chile. Specifically, it would be improper under this Order for these transcripts to be released to the media or any other interested party. These depositions were allowed pursuant to this Court's discovery rules in connection with this action. The transcripts shall therefore be utilized only for that purpose.

Accordingly, the Court enters this Amended Order that grants in part and denies in part Plaintiff's Motion for Relief from Confidentiality Order [D.E. 174]. The deposition transcripts remain designated "confidential" and subject to the protections of the existing confidentiality order except where necessary for submission to the Court in the public record for matters presented to the Court in the action or at trial. And if properly filed for that purpose, the relevant portions of the depositions transcripts need not be and shall not be filed under seal.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day July, 2010.

  */s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge